IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND J. BLY            *

    Plaintiff,            *

v.            *      Case No. 1:18-cv-01333-JMC

CIRCUIT COURT FOR
HOWARD COUNTY, MD, et al            *
           *
    Defendants.
           *

******
## MEMORANDUM OPINION

The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). (ECF Nos. 40 and 43).[1] Now pending is Lenore Gelfman and Wayne A. Robey's (collectively "Defendants") Motion for Summary Judgment. (ECF No. 21). Plaintiff, Raymond J. Bly, filed two pleadings in Opposition (ECF Nos. 24 and 27); Defendants filed a reply addressing each. (ECF Nos. 26 and 31). Plaintiff also filed his own "Motion for Limited Summary Judgment" which the Court will consider as a cross-motion. (ECF No. 51).[2] A hearing was held on October 7, 2019, and this proceeding involved: production of the original court files at issue, hearing testimony from the custodian of the records, and the opportunity for cross examination.[3] As set

---

[1] Judge Russell issued an Order on September 17, 2019, stating the "case has been referred to the Honorable J. Mark Coulson with the consent of the parties for all proceedings including entry of a final judgment." (ECF No. 38). On the same day, Magistrate Judge Coulson's Chambers issued a letter to Counsel and Mr. Bly reiterating that this case was referred for all proceedings and requesting the parties who have not yet filed the appropriate consent form to proceed before a Magistrate to do so. (ECF No. 39). In response, Mr. Bly filed Correspondence with the Court stating he "does not object to a U.S. Magistrate Judge for these proceedings as long as he/she is honest, truth seeking, and justice seeking as long as he/she is like the Honorable Judge Russell." (ECF No. 40 ¶ 1).

[2] At oral argument, Defendants requested that the Court consider their previously-filed pleadings as their Opposition to Plaintiff's motion.

[3] Plaintiff filed two motions on September 19, 2019, requesting "to take Depositions from all Judges at Howard County Circuit Court," "Sheriffs and Clerks." (ECF Nos. 45 and 46). On September 20, 2019, the Court scheduled a hearing

forth more fully below, Defendants' Motion for Summary Judgment (ECF No. 21) is GRANTED and Plaintiffs' Motion for Limited Summary Judgment (ECF No. 51) is DENIED.

I. BACKGROUND

Plaintiff, proceeding *pro se*, originally filed suit in this action on May 8, 2018 alleging various violations of the United States Constitution and the Maryland Declaration of Rights. (ECF Nos. 1, 2). This suit was based on Plaintiff's assertion that Defendants Circuit Court for Howard County ("Howard County"), Honorable Lenore Gelfman ("Judge Gelfman") and Clerk of Court Wayne A. Robey ("Clerk Robey") wrongfully sealed or removed (or acquiesced in the removal of) two case files from their "customary and appropriate place of storage" and from their "digital place within the data maintained by the Maryland Judiciary . . . ." (ECF No. 2 ¶¶ 1, 7, 11, 14). These files relate to a criminal matter (of which Plaintiff was ultimately convicted) from 1986.[4] *Id.* ¶¶ 1–5. Defendants moved to dismiss the action. (ECF No. 7). Plaintiff filed an Opposition. (ECF No. 13).

On June 26, 2019, Judge Russell of this Court granted in part and denied in part Defendants' Motion to Dismiss. (ECF No. 15). Judge Russell dismissed all claims except Plaintiff's claim against Judge Gelfman and Clerk Robey based on a denial of his First Amendment right of access to the above-described court records. *Id.* at 21–22.[5]

---

regarding Defendants' Motion for Summary Judgment, and pending such hearing temporarily granted the Defendants' Motion to Stay Discovery. (ECF No. 48).

[4] What appears to be a single criminal matter initially had one case number (14797) and then was assigned a second case number (15071). (ECF No. 2 ¶¶ 8–10). Based on information at oral argument, it appears as though the original case was *nolle prossed* when the second case number was opened.

[5] Judge Russell noted that because "Bly states a claim under the First Amendment for access to court records, he also states a claim under [Maryland] Article 40." (ECF No. 15 at 14, n.9).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party can do so by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

In response to a properly supported motion for summary judgment, the specific facts which the nonmoving party must identify (to avoid summary judgment) must be *evidentiary* facts. The evidentiary standard under "Rule 56 requires the nonmoving party 'to set forth specific facts showing there is a genuine issue for trial' by affidavit, depositions, answers to interrogatories, admissions, or other evidence that would be admissible at trial." *Warren v. Fort Lincoln Cemetery, Inc.*, 2001 WL 743199, at *3 (D. Md. June 26, 2001) (quoting Fed. R. Civ. P. 56(c), (e)). "Accordingly, 'the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Sher v. Barclays Capital, Inc.*, 35 F. Supp. 3d 725, 733 (D. Md. 2014) (citing *Anderson*, 447 U.S. at 248)). In sum, factual disputes that are irrelevant, *i.e.*, those that would not affect the outcome of the suit under the governing law, will not be counted. *Id.*

*Pro se* pleadings are to be liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (discussing dismissal for failure to state a claim). However, even a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief. *Forquer v. Schlee*, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012). "Finally, '[w]hile *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Id.* (quoting *Weller v. Social Servs*, 901 F.2d 397, 391 (4th Cir. 1990)).

III. DISCUSSION

In 1987, a jury in the Circuit Court for Howard County, Maryland convicted Plaintiff of "criminal charges, including a felony, predicated upon the victim of the alleged crimes being a 'child.'" (ECF No. 2 ¶ 7). Plaintiff, both then and now, "vigorously denie[s]" the charges. *Id*. At some point, Plaintiff claims that Defendants acting with the "authorization" or "acquiescence" of Judge Gelfman and/or Clerk Robey, "removed the subject [case] records from their customary and appropriate place of storage authorized by the Defendant Court and from their digital place within the data maintained by the Maryland Judiciary," whose public portal is the Maryland Judiciary Case Search. *Id*. ¶¶ 1, 7, 14.

In December of 2015, Plaintiff moved for and was denied a new trial. *Id*. ¶ 9. In 2016, he attempted to access his case records at the Clerk's Office of the Circuit Court and at an off-site records facility but, according to Plaintiff, he was told that the records did not exist. *Id*. ¶ 11. Plaintiff never received any notice that his records might be sealed. *Id*. ¶¶ 7, 14. Generally, Plaintiff avers that the alleged removal of the records interfered with unspecified efforts to overturn or materially undermine the credibility of his convictions, to question the integrity of the state courts, and to run for Congress. *Id*. ¶¶ 24, 27.

For their part, Defendants have contended from the outset that the court records from Plaintiff's criminal case are available at the Clerk's office for his inspection. (ECF No. 19). In support of such, Defendants' Answer included correspondence from Howard County to Plaintiff dated October 24, 2017, authored by Chief Deputy Clerk Diana Liebno advising Plaintiff of the availability of his records. (ECF No. 19-1). Defendants have now also put before the Court, as exhibits in support of their Motion for Summary Judgment, the following: Plaintiff's October 13, 2017 request letter (to which the above-refenced October 24, 2017 was a response) (ECF No. 21-

2); and a Declaration from Howard County's Chief Deputy Clerk Diana Liebno (ECF No. 21-4). At the October 7, 2019 hearing on this motion, Defendants also produced the original court files at issue, as well as Ms. Liebno (the files' custodian) who gave testimony and was cross examined by Plaintiff.

Ms. Liebno's Declaration attests, *inter alia*, that while Plaintiff's records were never available through Howard County's electronic filing system because of their age, the two requested files totaling over 4,000 pages are, and have always been, available for inspection (or copying at Howard County's standard rate of fifty cents per page) in the Clerk's office. *See* (ECF No. 21-4) (attaching various sample copies of documents from those files). The existence and availability of these files was communicated to Plaintiff on October 24, 2017 in response to his original request of October 13, 2017, with Ms. Liebno stating that she would "like to inform [Mr. Bly] that the case files *are available for public view and would be provided upon request.*" (ECF No. 21-3 at 2) (emphasis added). Further, in explaining why the records were not located through the electronic filing system, Ms. Liebno states in her declaration (and verified under oath in testimony at the October 7, 2019 hearing) that "all records are not available for search through the Maryland Judiciary Case Search due to the age of the case." (ECF Nos. 19-1 and 21-4). Defendants also attached a Declaration from Russell Carrick, an employee in the Clerk's office, attesting that Plaintiff in fact reviewed the files at the Courthouse on August 16, 2019. (ECF No. 26-1).

Faced with this evidence, Plaintiff has now changed his claim. He concedes that he was provided the records for inspection by the Clerk's office on previous occasions, and most recently on August 16, 2019. (ECF No. 27). Plaintiff confirmed this at the October 7, 2019 hearing. Thus, he no longer asserts that the files were lost, destroyed, or improperly sealed, or that he was denied access to the files, but rather that they are incomplete. (ECF Nos. 27 and 51).

Plaintiff offers the following "evidence" that the files are incomplete. First, Plaintiff asserts that during his most recent inspection of the file on August 16, 2019, the original arrest warrant and indictment were missing. (ECF No. 27 at 1). In response, Defendants produced a second Declaration from Ms. Liebno, attesting that both the original arrest warrant and the indictment are found within the original file, attaching copies. (ECF No. 31-1 at 2, 5–13). Further, Defendants note that Plaintiff made similar allegations, including those concerning the alleged "missing" indictment, in his underlying criminal case in 2015 (which suggests he had access to the files at that time as well). However, after his own inspection of the file, the Honorable Richard S. Bernhardt of the Circuit Court for Howard County found Plaintiff's allegations to be baseless:

> The Court has reviewed the court file in the above-captioned case [14797]. There is an indictment contained within the court file and there is nothing about the records contained therein that would provide substance to the bald allegations made by the [Bly] in his December 2, 2015 filing.

(ECF No. 31-2).

Plaintiff also claims that during his most recent inspection, "[t]he box only contains a few papers at the bottom of it . . . The rest of the box is full of what looks like new transcripts that had just been printed out." (ECF No. 27 at 1). The Court conducted its own inspection of the files when they were produced at the October 7, 2019 hearing. As stated on the record, the Court observed an over-stuffed bankers box of records, a little less than half of which were transcripts of testimony from the criminal case, properly labeled as such, and which appeared completely consistent with being more than thirty years old. The remainder of the box consisted of properly labeled pleadings and other court papers related to the underlying criminal case, which is consistent with Plaintiff's assertion that there should be "over half a foot of records" based on his memory of previous inspections. (ECF No. 27 at 1).

7

Plaintiff questions why a transcript of a subsequent proceeding before Judge Kane, relating to the criminal case, is not part of the court records. (ECF No. 27 at 1). Defendants, by way of Ms. Liebno's second Declaration, explained that transcripts only become part of the court record when an issue is appealed or otherwise by court order. (ECF No. 31-1 at 3).

At the hearing on Defendants' motion, the Court heard sworn testimony from Ms. Liebno wherein she confirmed her two Declarations. Ms. Liebno also testified that the documents listed on the docket sheet are accounted for in the files. She re-verified that these files were never part of the electronic filing system due to their age and the policies of the Court, and that the file never would have been placed in off-site storage in Annapolis (based on the policies of the Court concerning which files are sent for such storage). Plaintiff was given the opportunity to cross examine Ms. Liebno and inspect the file. Other than the arguments and exhibits from his pleadings, Plaintiff offered no additional evidence that the file was incomplete other than his assertion that whatever he inspected on August 16, 2019 was not complete and contained extraneous matters.

Finally, Plaintiff argues that he should be allowed to pursue discovery rather than have summary judgment granted. The Court will consider this a request pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) allows a court to defer or deny a motion for summary judgment in favor of allowing discovery where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." *Id*. Plaintiff has not made such a showing. When asked at the October 7, 2019 hearing what further evidence he could proffer that the file was incomplete, Plaintiff only vaguely referenced that other unspecified persons could support his assertions, without describing the scope of such support in any detail. Further, Plaintiff had the opportunity to hear Ms. Liebno's testimony and to cross-

examine her. His questioning of her, however, did not in any way undermine her testimony as to the completeness and availability of the file or in any other respect, and did not support a need for additional discovery. The Court has also been given a preview of at least some of Plaintiff's proposed discovery which includes, *inter alia*, written interrogatories to every judicial official of the Circuit Court for Howard County, as well as "some of its sheriffs and clerks" regarding a range of topics, many of which have no bearing on any issue in this dispute even if Plaintiff had proffered why any of these proposed witnesses would be expected to have discoverable information. (ECF Nos. 45 and 46).[6]

Accordingly, the Court will GRANT Defendants' Motion for Summary Judgment (ECF No. 21). Additionally, the Court will deny ECF Nos. 45 and 46 regarding discovery as moot, and deny ECF No. 51 (Plaintiff's Motion for Limited Summary Judgment).

A separate Order will follow.

Date: October 9, 2019

/s/
J. Mark Coulson
United States Magistrate Judge

---

[6] Even, assuming arguendo, that Plaintiff could establish that some pages of the criminal case file are missing (which he has not), the Court questions whether he could sustain a cause of action. Plaintiff has no property interest in the court's criminal case file as Judge Russell noted in his previous Opinion. (ECF No. 15 at 9). To the contrary, courts have concluded that criminal-defendants, such as Plaintiff, do not have such a property interest. *Id.* (citing *Braun v. New York*, 284 F. Supp. 3d 572, 580 S.D.N.Y. 2018). To have a property interest, a "person clearly must have more than an abstract need or desire or mere unilateral expectation of it and instead must have a legitimate claim of entitlement to it." *Bd. Regents v. Roth*, 408 U.S. 464, 577 (1972). Property interests are not created by the Constitution, but from an independent source— such as state law. *Id*. Additionally, other than asserting the general right of access to judicial records under the First Amendment, Plaintiff has made no showing that being deprived of any particular document allegedly missing from the file has caused him harm or impaired his ability to pursue appropriate redress regarding his criminal conviction. The Court, however, need not resolve this issue.