IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND J. BLY * 

    Plaintiff, *

v. * Case No. 1:18-cv-01333-JMC

CIRCUIT COURT FOR
HOWARD COUNTY, MD, *et al.* *
 *

    Defendants.
 *

******
**MEMORANDUM OPINION**

The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). (ECF Nos. 40 & 43).[1] Currently pending before the Court is Mr. Raymond Bly's ("Plaintiff") Motion to Alter or Amend Judgment Under Rule 59(e) (ECF No. 56), Motion to Resolve Illegal Return of Papers (ECF No. 57), and Motion for Default and for Sanctions (ECF No. 61).

I. **BACKGROUND**

This Court need not reiterate the full background of the underlying suit, as it is provided in its Memorandum Opinion issued on October 9, 2019. (ECF No. 53). Suffice it to say that for many years in various forums, Plaintiff has sought to challenge his 1987 criminal conviction from the Circuit Court for Howard County. In this most recent suit, as set forth in his Amended

---

[1] Judge Russell issued an Order on September 17, 2019, stating the "case has been referred to the Honorable J. Mark Coulson with the consent of the parties for all proceedings including entry of a final judgment." (ECF No. 38). On the same day, Magistrate Judge Coulson's Chambers issued a letter to Counsel and Mr. Bly reiterating that this case was referred for all proceedings and requesting the parties who have not yet filed the appropriate consent form to proceed before a Magistrate to do so. (ECF No. 39). In response, Mr. Bly filed Correspondence with the Court stating he "does not object to a U.S. Magistrate Judge for these proceedings as long as he/she is honest, truth seeking, and justice seeking as long as he/she is like the Honorable Judge Russell." (ECF No. 40 ¶ 1).

1

Complaint filed in May of 2018 (ECF No. 2), Plaintiff alleged that as of 2016, through the date of filing, he has been unable to locate the Circuit Court files relating to this conviction in their expected places of physical and electronic storage, asserting that they have been removed, destroyed, and/or erased so as to stymie his ongoing attempts at challenging his conviction, in violation of his First Amendment rights. *Id*. ¶¶ 14, 15–16.

Defendants argued, supported by sworn declarations, that while these files are not available on the Circuit Court's electronic filing system (due to their age and lack of activity), the physical files have always been available for examination and copying through the Clerk's Office, a fact relayed to Plaintiff in October of 2017. (ECF No. 21-3 at 2). Notwithstanding Plaintiff's allegations that the files were destroyed or otherwise wrongfully kept from him, Plaintiff in fact inspected them in the Clerk's Office on August 16, 2019, a fact that Plaintiff does not dispute. (ECF No. 27).

Plaintiff's theory then shifted to arguments that specified parts of the files were missing at the time of his brief[2] review of the file in August of 2019, and other parts (*i.e.*, transcripts of certain proceedings) had been added. Specifically, Plaintiff asserted that during his August 16, 2019 review, the original arrest warrant and indictment were missing. (ECF No. 27 at 1). In response, Defendants produced a sworn declaration attesting that both the original arrest warrant and the indictment are found within the original file and attached copies. (ECF No. 31-1 at 2, 5–13). This is consistent with a review of the file completed in 2015, when Plaintiff made similar allegations in another proceeding. At this time, the Honorable Richard S. Bernhardt of the Circuit Court for Howard County found Plaintiff's allegations to be baseless:

---

[2] At the hearing, Defendants and Plaintiff indicated that his August 16, 2019 file review was about one minute. (ECF No. 60 at 11, 28).

> The Court has reviewed the court file in the above-captioned case. There is an indictment contained within the court file and there is nothing about the records contained therein that would provide substance to the bald allegations made by the [Bly] in his December 2, 2015 filing.

(ECF No. 31-2 at 2).

At the Court's October 7, 2019 status hearing on Defendants' motion, in addition to oral argument, Defendants produced the files at issue and the files' custodian, Chief Deputy Clerk Diane Liebno (who also served as a key declarant in support of Defendants' summary judgment pleadings). Ms. Liebno testified that the files were complete, as verified by the docket sheet, and were stored in the Clerk's Office continuously — as she previously indicated in her October, 2017 correspondence to Plaintiff. (ECF No. 60 at 20–21). She again explained why, due to their age and lack of activity, they were not made part of the Circuit Court's electronic filing system, nor were they ever sent to an off-site storage facility. *Id*. at 22–23. Ms. Liebno further testified as to what items are *not* typically included in the Circuit Court's files: trial notes of judges, exhibits (once the appeal time expired), materials maintained by the State's Attorney, and transcripts of proceedings not otherwise ordered. *Id*. at 23–24. Plaintiff was allowed to cross examine Ms. Liebno. *Id*. at 25. Additionally, Plaintiff was invited to inspect the file. *Id*. at 26.

Following this testimony and Plaintiff's inspection, he originally took the position that the file (as presented) was more complete than the one he had briefly reviewed on August 16, 2019, but less complete than what he remembered had been in the file when he last saw in approximately five years before. *Id*. at 25–31. When asked for specific examples of what he felt could be missing, Plaintiff again identified the arrest warrant and indictment that: (1) had already been filed by Defendants as an exhibit to ECF No. 31 in advance of the hearing; and (2) were, in fact, within the file as produced. *Id.* at 31–35.

Thus, there was no competent evidence before the Court supporting Plaintiff's allegation, within the Amended Complaint, that the files had been destroyed, sealed, or deleted from the Circuit Court's electronic filing system (since the uncontradicted evidence is that they were never part of that system). Further, there was uncontradicted evidence that Plaintiff was offered the opportunity to inspect the file in October of 2017, shortly after he requested to do so, but apparently chose not to inspect it. Plaintiff asserted, without corroboration, that his nonspecific memory of the size of the file during his August 16, 2019 review (of approximately one minute) was *smaller* than that presented to the Court, and further, that an alleged review five years before seemed *larger* than presented. Such unsubstantiated assertions, however, were insufficient to defeat Defendants' Motion. (ECF No. 53). In short, Plaintiff has his own notions of what should or should not be included in court files, what should or shouldn't be part of the Circuit Court's electronic filing system, and what he did or didn't see at various points of time during his previous inspections. These notions do not create a legitimate factual dispute as to the current availability and completeness of the file in the face of Defendants' evidence.

Rather than file an appeal or other appropriate post-judgment motion, on October 21, 2019, Plaintiff filed a combined "Motion to Recuse" this Magistrate Judge and "Demand for Perjury Inquiry and for Sanctions." The basis for recusal was apparently Plaintiff's disagreement with this Magistrate Judge's granting of summary judgment and his allowing Defense Counsel to continue to appear in the case despite Plaintiff's unsubstantiated complaints against Counsel, while the remainder of the motion stemmed from Plaintiff taking issue with the accuracy of the testimony of the custodian of records at the hearing, again without support. Given that final judgment had been entered, the pleading was not an appropriate post-judgment motion under the Federal Rules of Civil Procedure, and accordingly the pleading was returned to Plaintiff. (ECF No. 55).

On November 4, 2019, Plaintiff filed a Motion to Alter or Amend Judgment or, in the alternative, for New Trial pursuant to Rule 59. (ECF No. 56). On November 5, 2019, Plaintiff filed a "Motion to Resolve Illegal Return of Papers," arguing that a court is obligated to accept all papers filed by a litigant, and then reasserting his arguments regarding recusal and demand for a perjury inquiry. (ECF No. 57). On December 2, 2019, Plaintiff filed a Motion for Default and for Sanctions. (ECF No. 61). The Court will address these motions below.

II. **RULE OF LAW & ANALYSIS**

   A. **Motion to Alter or Amend Judgment under Rule 59(e)**

Federal Rule of Civil Procedure 59(e) "permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012), *aff'd*, 746 F.3d 546 (4th Cir. 2014). Rule 59(e) itself does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit clarified that: "Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal citations omitted); *see Carter v. Halliburton Co.*, 866 F. 3d 199, 210–11 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 2674 (2018); *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997). However, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Cureton v. Cianbro Corp.*, 2007 WL 397025, at *1 (D. Md. Jan. 30, 2007) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403; *see also* WRIGHT ET AL, 11 FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.").

In his motion, Plaintiff disputes the hearing testimony of Ms. Diana Leibno that the files are complete, arguing that he was prevented from asking why the file did not contain the arrest warrant and indictment from his previous case. The Court disagrees. Both documents were already submitted as exhibits to one of Defendants' summary judgment pleadings (ECF No. 31-1) and were again referenced at the hearing. Plaintiff also seems to dispute why his memory of the size of the file based on his brief review in August 16, 2019 (smaller than the file as presented) and earlier review approximately five years before (larger than the file as presented) were insufficient to defeat Defendants' motion. Neither of these are new arguments and do not serve as a basis for altering or amending the Court's judgment.

In support of his Motion to Alter or Amend Judgment, Mr. Bly also presents two virtually identical declarations from two individuals (his typist, Ms. Gerberich and a Mr. Philbad whom he recently met on Facebook) who state that they went to review the files on October 23, 2019 and that "at least half of the docket entries are missing from the files." (ECF No. 56-1 at 1–4). Further, they state that "many letters by family, doctors, judges, prosecutors and attorneys" are not included as docket entries. *Id.* at 3.

There are a number of responses. First, there has been no showing as to why such purported investigations and corroboration from witnesses could not have been timely submitted in response to Defendants' motion, at the October 7, 2019 hearing, or at some point before the Court issued its final judgment. Second, the Amended Complaint contains no claims based on these post-judgment

activities. To the contrary, that Amended Complaint—alleging destruction or illegal sealing of the file from 2016 through May 2018 (the date of filing) — was defeated when the complete file was presented, authenticated and verified as complete by its custodian, and inspected by Plaintiff at the Court's October 7, 2019 hearing. Third, Judge Russell's order makes clear that only Plaintiff's First Amendment claim based on his own alleged lack of access to his criminal files survived Defendants' initial Motion to Dismiss, not a claim on behalf of others or the general public such as Ms. Gerberich and Mr. Philbad. (ECF No. 15 at 10–11 n. 6).

Plaintiff has failed to provide the Court with: any information that indicates an intervening change in controlling law; evidence not available at trial (here, in fact there was no trial but there was a filed dispositive motion and a hearing on that motion); or a clear error of law or the danger of manifest injustice. Fed. R. Civ. P. 59(e). To the contrary, Plaintiff in large part repeats his previous arguments, which were already decided upon by this Court. *See* (ECF Nos. 40, 41, 45, 46, 51). Accordingly, Plaintiff's Motion to Alter or Amend Judgment (ECF No. 56) is **DENIED.** Plaintiff's avenue of potential redress lies with an appeal to the Fourth Circuit should he wish to pursue one.

### B. Motion to Resolve Illegal Return of Papers

On October 21, 2019, Plaintiff filed a Motion for Recusal of Magistrate Judge Mark Coulson, combined with a Demand for A Hearing For Perjury And Sanctions. The Court returned such to Plaintiff, as this case was closed and these were not appropriate post-judgment motions. (ECF No. 55). Subsequently, Plaintiff filed a Motion to Resolve Illegal Return of Papers (ECF No 57) and incorporated the substantive arguments from his two returned pleadings, re-captioning them as an attached "Demand [for] A Hearing For Perjury Inquiry And Sanctions." (ECF No. 57-1 at 1).

7

Plaintiff failed to cite, nor can this Court find, any Federal Rule of Civil Procedure or case, requiring that a "clerk must accept and file all papers in an open, closed, or pending case without exception" as he asserts. (ECF No. 57 at 1). Further, Plaintiff articulates that "no judge under statute can interfere with a party to the case filing filings except to rule on them. A Judge cannot refuse the filing of the papers." *Id.*[3] Similarly, this Court cannot find, not has Plaintiff cited, any support for this premise. Contrary to Plaintiff's assertions, within extreme cases of unjustified pleadings, our Circuit has even affirmed a court's authority in restricting a "litigant's access to the court." *Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998), *aff'd*, 168 F.3d 481 (4th Cir. 1999) (*per curiam*). As noted previously within this Circuit, "[p]ro se status does not entitle [Plainitff] to avoid the Federal Rules of Civil Procedure and the Local Rules of this court, which will be enforced. All filings and matters before the court must be well grounded in fact and law, as required by Rule 11." *Carter v. Archdale Police Dep't*, 2014 WL 791863, at *7 (M.D.N.C. Feb. 25, 2014).

In the present case, none of the post-judgment filings attempted by Plaintiff (other than his subsequently-filed Rule 59 Motion) were appropriate post-judgment motions (in accordance with any Federal Rule), which justified the Court ordering their return. Nonetheless, given that Plaintiff ultimately did file an appropriate post-trial motion, the Court will grant, in part, Plaintiff's Motion to Resolve Illegal Return of Papers (ECF No. 57) notwithstanding its lack of basis, only to the extent that he asks the Court to substantively consider the arguments raised in the returned pleadings, as now combined in ECF No. 57-1. As set forth more fully below, Plaintiff's Motion

---

[3] Further, Plaintiff states "this [refusal] show[s] that the contract judge, Magistrate Judge Mark Coulson, shows bias against Mr. Bly." This unsubstantiated claim is insufficient, as discussed in detail below. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal.").

is otherwise denied based on the lack of merit underlying the substantive arguments re-asserted at ECF No. 57-1.

Plaintiff's arguments seeking recusal appear to be based solely on Plaintiff's disagreements with my October 9, 2019 ruling granting Defendants' Motion for Summary Judgment, as well as my order returning his pleadings. Plaintiff also argues to withdraw his previous consent to my jurisdiction over all proceedings in the case, presumably on the same basis. As mentioned above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Plaintiff has not raised any other basis for recusal. Thus, the Court will not recuse itself. Plaintiff's avenue of relief, as to those rulings he disagrees with, is to appeal them to the Fourth Circuit.

Plaintiff also requests "an actual judge and not a contract judge should be made to rule on said case." This request is denied. Plaintiff indicated in his pleadings to Judge Russell and then to me that he would consent to my jurisdiction for all further proceedings (ECF Nos. 35 & 40). Accordingly, under 28 U.S.C. § 636, this Court conducted all proceedings, including the entry of judgment. At no time did Plaintiff attempt to withdraw his consent prior to my entry of final judgment. "Litigants enjoy no absolute right to withdraw a validly given consent to proceed before a magistrate judge." *Savoca v. United States*, 199 F. Supp. 3d 716, 720 (S.D.N.Y. 2016). Again, Plaintiff's avenue of redress at this point is an appeal to the Fourth Circuit.

The Court will deny Plaintiff's Demand [for] a Hearing For Perjury Inquiry and Sanctions based on the declarations and testimony of Ms. Liebno and the conduct of Defense Counsel. As stated in detail above, Plaintiff has presented no competent evidence to date to support such allegations.

Finally, the Court finds no legitimate basis for Plaintiff's recently-filed Motion for Default and for Sanctions. (ECF No. 61). Plaintiff's basis appears to be the failure of Defendants' to file affidavits pursuant to Rule 59(c). Since no trial took place, this requirement is inapplicable and, in any event, default would not be an appropriate remedy. Further, the Court has held that the affidavits submitted were insufficient to alter or amend the judgment. Accordingly, Plaintiff's motion is denied.

III. **CONCLUSION**

For the reasons stated above, the Court will: DENY Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e) (ECF No. 56); and GRANT IN PART (only as to Plaintiff's Request to rule upon the substantive arguments made in his returned pleadings and now incorporated in ECF No. 57-1) and in all other respects DENY Plaintiff's Motion to Resolve Illegal Return of Papers (ECF No. 57). The Court will DENY Plaintiff's Motion for Default and for Sanctions (ECF No. 61). A separate Order will follow.

Date: December 4, 2019                              /s/
                                          J. Mark Coulson
                                          United States Magistrate Judge